UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-4513

LARRY ROSCOE GUNNELL, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-22)

Submitted: January 31, 2000

Decided: March 1, 2000

Before LUTTIG and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith B. Marcus, BREMNER, JANUS & COOK, Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, N.
George Metcalf, Assistant United States Attorney, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Roscoe Gunnell, Jr. appeals his conviction on the sole count of aiding and abetting and possession of crack cocaine with intent to distribute. See 18 U.S.C. § 2 (1994) & 21 U.S.C.A. § 841(a)(1) (West 1999). Gunnell argues that the district court erred by denying his motion to suppress, that insufficient evidence supports his conviction, and that the district court's bias denied him due process of law. After a thorough review of the record, we affirm.

Gunnell first argues that the district court erroneously denied his motion to suppress evidence found during a search of his vehicle because the police transformed their initially legitimate traffic stop of his vehicle into an illegal seizure when they detained him for over forty-five minutes and when their questioning exceeded the scope of the initial stop. While Gunnell asserts that he was detained for forty-five minutes, the record clearly demonstrates that the officer returned Gunnell's license, registration, and insurance card within twelve minutes of being pulled over, thereby effectively concluding the traffic stop. See United States v. Sullivan, 138 F.3d 126, 133 (4th Cir. 1998). Additionally, Gunnell's assertion that the police exceeded the purposes of the stop by questioning him about the contents of his vehicle before concluding the traffic stop is also belied by the record. The record reflects that the officer asked about the presence of illegal objects in the vehicle only after returning Gunnell's papers.

Gunnell responded to the inquiry about illegal objects by telling the officer he could check himself. Gunnell argues that he withdrew his consent prior to the discovery of incriminating evidence by stating that he wished to leave, but that police continued to search. Again, the record refutes Gunnell's claim. Even construing Gunnell's statement that he wished to leave as a withdrawal of his consent, we find that the police had probable cause prior to the statement. When Gunnell

2

made this statement the officers had already found a twenty-dollar bill in the right vent and black mesh concealing a plastic bag apparently filled with money in the central vent. Additionally, the officers had also discovered, by this time, marijuana residue in the glove box, and evidence that someone had possibly tampered with the vehicle's ventilation system to secure a hidden compartment. Therefore, we hold that the district court correctly denied Gunnell's suppression motion.

Next, Gunnell argues that insufficient evidence supports his conviction because the evidence did not show beyond a reasonable doubt that he knew drugs or money were hidden in the vehicle. Gunnell essentially argues that flight alone does not constitute knowledge. We find Gunnell's argument unpersuasive.

On direct appeal, we must sustain the district court's judgment "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). When challenging the evidentiary sufficiency, this Court will consider both direct and circumstantial evidence. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Moreover, knowledge can be shown by circumstantial evidence. See United States v. Grubbs, 773 F.2d 599, 601 (4th Cir. 1985).

It is not the flight alone, but the timing of it, that suggested Gunnell's knowledge of the presence of drugs in this case. Only after the officers' initial discovery of the twenty-dollar bill and concealing black mesh did Gunnell ask to leave. Then, only after the officer began removing the vent blades that concealed the drugs did Gunnell flee. Furthermore, Gunnell's claim that he had no dominion or control over the drugs is refuted by his knowledge of the drugs and his dominion and control over the vehicle hiding them. When viewing all evidence in the light most favorable to the Government, we hold that the district court properly found the evidence sufficient to convict.

Finally, Gunnell argues that a comment the district judge made during the trial indicates that the judge was biased against him by determining his guilt before the trial started. Because Gunnell failed to preserve this error at his trial we review his claim under the plain error rule. See Fed. R. Crim. P. 52(b); United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir. 1993). Under the plain error rule, we will only

3

correct those errors which are "particularly egregious" and that amount to "a miscarriage of justice." <u>United States v. Jarvis</u>, 7 F.3d 404, 410 (4th Cir. 1993). Under this rule, Gunnell must show that a plain error occurred that prejudiced his substantial rights and seriously affected the fairness and integrity of the judicial proceedings. <u>See Brewer</u>, 1 F.3d at 1434-35.

Gunnell cannot make a showing of prejudice. The evidence of guilt in this case revolved around Gunnell's flight and the circumstances leading to it. The district court heard all this evidence prior to trial, at the suppression hearing, and properly formulated opinions about the evidence at that time. Because Gunnell offered no additional evidence concerning his flight or the circumstances leading up to it, the fact that the district court's opinion did not change does not reflect bias or prejudice.

Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4